IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUL 26 2010

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| PEARCE INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOSE B. GALICIA AND BENJAMIN ARRIAGA,<br><br>Defendants. | **ORDER**<br><br>Case No. 2:10-CV-518<br><br>Judge Dee Benson |

This matter is before the court on plaintiff Pearce Investment's motion to deny defendants' petition for removal to federal court. (*See* Dkt. No. 4.) Having reviewed the law and facts surrounding the motion, the motion is GRANTED.

On or about May 16, 2010, Pearce Investments filed a complaint for eviction (unlawful detainer) against Mr. Galicia and Mr. Arriaga in state court. The complaint is based solely on state law. (*See* Dkt. No. 1-2.) On or about June 2, 2010, defendants filed a notice of removal asserting both federal-question and diversity jurisdiction. Six days later Pearce Investments filed this objection.

The court finds there is no federal-question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003). This rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. Because the grounds for removal must inhere in the

plaintiff's claim, a defense or counterclaim cannot provide the basis for removal. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1233 (10th Cir. 2006). Here, plaintiff's eviction complaint relies exclusively on state law. While defendants may have defenses or counterclaims to the eviction action, based on federal law, the defenses or counterclaims may not be used to obtain federal jurisdiction. Therefore, there is no federal question that supports this court's original exercise of subject-matter jurisdiction.

In addition, the court finds there is no basis for diversity jurisdiction. "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). Defendants claim that there is diversity jurisdiction because Mr. Arriaga is a citizen of Mexico. Even if this claim were true, it is uncontested that Pearce Investments and Mr. Galicia are both citizens of the State of Utah. Thus, complete diversity is destroyed.

Because defendants have failed to prove that removal is proper, the court remands this case to the clerk of the Third District Court in and for Salt Lake County, State of Utah.

IT IS SO ORDERED.

Dated this 26th day of July, 2010.

Dee Benson
United States District Judge

2